KENNETH H. WINE (#142385)
Hallinan & Wine
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile: (415) 575-9930
Email: kenwine@hotmail.com

SIERRA DUGAN LAW
Sierra Promise Dugan, SBN (# 281272)
717 Washington Street, 2nd Floor
Oakland, CA 94607
Phone: (510) 214-2194
info@sierraduganlaw.com

Counsel for BURTE GUCCI RHODES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br><br>BURTE GUCCI RHODES<br>　　　　　Defendant. | Case No.:  CR 17-00093 WHA<br><br>DEFENDANT BURTE GUCCI RHODES' RESPONSE TO THE GOVERNMENT'S TRIAL BRIEF ON INTENT TIMING REQUIREMENT<br><br>TRIAL DATE: June 6, 2022<br>TIME: 7:30 a.m. |

The defense would like to address the government's arguments

1.  <u>Telephones as instrumentalities of commerce</u>.

Of course, the defense would agree that interstate cellphone calls and messages could satisfy the jurisdictional element *if* at least one of those calls were part of the

murder for hire scheme.  However, we don't have that factual scenario before us.
Instead, the government's cooperating witness Craig Marshall will testify he "heard" a
conversation after the murder where Mario Robinson tells an unidentified person that
they will get their money.  There is evidence of a 3 second call between Burte Rhodes'
and Mario Robinson's phones after the murder. However, Mr. Marshall cannot confirm
it was Mr. Rhodes on the other line or if this is the call he heard.

The case *United States v. Sullivan*, 809 F Sup 934 addressed a similar issue,
where four calls were alleged to establish the jurisdiction requirement in a murder for
hire allegation against an estranged husband in the killing of his wife.  The government
was able to show that calls were placed, where they were place and that they were to the
defendant.  *Id*. at 936.  They could not identify the persons who made the calls or what
was discussed on the call.  *Id*.  The Court addressed the defendant's request confirmed
that use of the phone could provide the jurisdiction requirement but, "The use of the
telephone, however, must be shown to relate the murder."  *Id*.  The Court concluded,
"With no evidence of the content and no evidence identifying the other parties to these
calls, no reasonable juror could have found beyond a reasonable doubt that the calls
"were used in the commission of the murder."  *Id*. at 938.

Likewise, the mere fact there was a three second phone call between Mario
Robinson and Burte Rhodes after the murder is not enough to establish the necessary
jurisdictional requirement.

2.  Case Law Cited Is a Distinct Factual Scenario

The government cites a number of cases that involve a murder-for-hire schemes
that involve insurance payment after the murder.  Those scenarios involving insurance
payments are distinct from the facts before the Court.  The intent to commit murder was

intrinsically linked and prefaced on future insurance payments.  Therefore, although the actual jurisdiction element wasn't satisfied until after the murder, the intent to use interstate commerce was part of the scheme from its inception.

Here there will be testimony that an in-person agreement was made and days later a $1,250 payment was made.  There are conflicting accounts of what that money was payment for.  Craig Marshall did not send the money and cannot comment on its role.

The government points to a number of other circuit and chooses to ignore the Ninth Circuit case in *United States v. Driggers*, 559 F. 3d 1021 (9th Cir. 2009).  The discussion was clear that causing the travel in interstate commerce must have been done with the intent that a murder.  In the fact scenario before the court, the murderous intent was formed and completed when Trince Thibodeaux was murdered.

Therefore, it is the defense position that the use of a phone or facility <u>after</u> the murder in the facts before the court would not be sufficient for a violation of 18 U.S.C. § 1958(a).

DATED: June 5, 2022

SIERRA DUGAN LAW


/s/    Sierra Dugan
Sierra Promise Dugan, Esq.
Counsel for Defendant
BURTE GUCCI RHODES


/s/    Kenneth Wine
Kenneth H. Wine, Esq.
Counsel for Defendant
BURTE GUCCI RHODES