UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

FILED
Sep 24 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | | |
|---|---|---|
| BURTE GUCCI RHODES, | ) | |
| | ) | |
| Movant, | ) | USDC Case No. 3:26-cv-____ |
| | ) | |
| v. | ) | |
| | ) | USDC Case No. 3:17-cr-93-5 -CRB |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. William Alsup |
| Respondent. | ) | INACTIVE - U.S. District Judge |

## MOTION TO EXPAND THE RECORD

COMES NOW BURTE GUCCI RHODES, Movant *pro se,* in the above styled and numbered cause, and respectfully moves this Honorable Court to expand the record to include the declaration attached to this motion, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Respectfully submitted, this 15 day of September, 2026.

[signature]

Mr. Burte Gucci Rhodes, *Pro Se*
Reg. No. 25271-111
USP Coleman I
P.O. Box 1033
Coleman, FL 33521

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

| | | |
|---|---|---|
| BURTE GUCCI RHODES, | ) | |
| | ) | |
| Movant, | ) | USDC Case No. 3:26-cv-____ |
| | ) | |
| v. | ) | |
| | ) | USDC Case No. 3:17-cr-93-5 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. William Alsup |
| Respondent. | ) | INACTIVE - U.S. District Judge |

**DECLARATION OF BURTE GUCCI RHODES IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255 (EXHIBIT #1)**

I, Burte Gucci Rhodes, being competent to make this declaration and having personal knowledge of the matters stated herein, declare pursuant to 28 U.S.C. §1746:

1. I am the same Burte Gucci Rhodes who was the defendant in the above entitled criminal case, tried before this court, and who is movant in the proceeding under 28 U.S.C. §2255 which is being instituted by the motion this declaration supports.

2. I was represented earlier by Richard Tamor and at the second trial by Kenneth Wine and Sierra Dugan.

3. I asked to review the discovery in my case. Tamor told me Wine would provide the remaining discovery, while Wine told me Tamor should have provided it. I did not receive the full discovery or the substantive review I requested.

4. I repeatedly asked Wine to review investigative reports with me, including reports by agents involved in the investigation. I did not receive the copies or review I requested. I wanted to be able to address the witnesses' accounts and the evidence being used against me.

5. I asked Wine before the second trial to investigate surveillance at businesses near 65th and Havenscourt, where Marshall said the alleged agreement was discussed. The locations I identified included a liquor store, barbershop, two Chinese restaurants, a gas station, and a church. To my knowledge, he did not visit those locations or send an investigator in response to my request.

6. After the first trial ended in a mistrial, Wine met with me in an interview room at the San Francisco courthouse. I recall this as the first courthouse appearance after the mistrial, which I believed was a status hearing.

7. Wine conveyed a proposed twenty-year disposition that he described as an *Alford* plea. After I rejected that figure, he conveyed fifteen years and then ten years. I asked that the ten-year proposal be given to me in writing.

8. Wine told me it would not be put in writing and that it was a one-time offer I had to accept or reject then. I declined to agree without seeing the terms. I wanted to read the agreement and discuss it with my family before making a decision.

9. I had Zoom discussions with counsel. My complaint about consultation is not that no communication ever occurred; it is that the in-person visits and substantive review I requested did not occur as I expected.

10. I did not enter the murder agreement described by Marshall. Before seeing photographs associated with this case, I had not seen the person identified as Trince Thibodeaux.

11. At the first trial, I saw a video presentation in which the shooter bent down and picked up something glowing that appeared to me to be a phone or other device. At the second trial, I noticed that the glowing appearance was absent when the object was picked up.

12. I wrote a note during the second trial pointing out that difference and gave it to Wine. He did not address the discrepancy with me in response. I believe it required comparison of the actual recordings, but I do not know what caused the difference I observed in the presentations.

13. I dispute Ms. Dailey's denial that I provided her money or groceries. I told Wine there were additional people who could speak about assistance I provided. To my knowledge, he did not contact those people in response.

14. At the second trial, neither of my lawyers asked me whether I wanted to testify. Without their advice I did not understand that it was my decision whether to testify.

15. I observed a juror whom I believed to be sleeping during the second trial. I understood that other courtroom observers also noticed it. I remember that the judge asked the juror about sleeping and that the juror denied it.

16. My recollection is that the sleeping juror ended up as the foreperson.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of September, 2026.

Mr. Burte Gucci Rhodes, *Pro Se*
Reg. No. 25271-111
USP Coleman I
P.O. Box 1033
Coleman, FL 33521

Date: September 25, 2026

UNITED STATES DISTRICT COURT
GRANTED
Judge Charles R. Breyer
NORTHERN DISTRICT OF CALIFORNIA